## PEOPLE v. UNITED STATES MUT. ACC. ASS'N OF CITY OF NEW YORK.

### In re MOSES.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

RECEIVERS—ORDERS OF COURT—WHO MAY MOVE TO VACATE.

    A member of a mutual benefit association, acting for himself alone, cannot apply to vacate an order authorizing the receiver of the association to levy assessments and to enforce payment, as such order is not an adjudication against him.

Appeal from special term, New York county.

Application by Raphael J. Moses to vacate an order authorizing the receiver of the United States Mutual Accident Association of the City of New York to levy assessments on the members of said

association. The application was denied, and petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

R. J. Moses, in pro. per.

David Murray, for respondent.

PATTERSON, J. This is an appeal from an order made at special term denying the prayer of the petitioner, Moses, who applied to the court to set aside an order made on the 10th of July, 1896, by which order the duly-appointed receiver of the United States Mutual Accident Association was authorized and directed to require the members of that association to pay into his (the receiver's) hands a certain sum of money to meet obligations of the association, for which he claimed members thereof were liable in varying amounts. The order last referred to contained a schedule of the contributive amounts claimed from the members for certain fixed periods of three months each, and the receiver was directed to notify the members that they were required to pay the several amounts demanded of them, and, in the event of any member failing to make payment pursuant to such demand, the receiver was authorized and directed to institute such proceeding as he might be advised in courts of competent jurisdiction to enforce payment. On the 23d of September, 1896, the petitioner, Moses, from whom the receiver had demanded the sum of 27 cents as his contributive share of the indebtedness above mentioned, presented his petition to the court, setting forth certain facts, and asking the relief above mentioned; and, further, that the receiver be ordered to return to all parties any money that may have been paid to him in response to any demand made under such order sought to be vacated.

It is apparent from all the papers now before us that Mr. Moses, the petitioner, represents no one in this proceeding but himself. He is not authorized to speak, so far as this record shows, for any one but himself, although he says that his application is made on his own behalf and that of thousands of others similarly situated; but he shows no request or authority from them. He seeks by this petition to have determined in this summary manner the question of the right of a receiver of an insolvent mutual benefit association to require payment from the members thereof of assessments for the payment of death claims presented to the receiver by those holding them. The petitioner asserts that he was not a member of the association for several years last past, and was not a member at the time of the appointment of the receiver, or at the time of the commencement of the proceedings resulting in the appointment of such receiver; and he claims that, inasmuch as the application of the receiver for permission to levy the assessment and to enforce its collection was made without notice to him, the order is not binding upon him.

We are clearly of the opinion that the petitioner had no standing in court to make this application, and that it was properly denied

by the learned judge at special term. There is no adjudication whatever made against him which compels him to pay the 27 cents to the receiver. That receiver has merely applied to the court in the ordinary way for leave to make an assessment upon persons alleged to be liable, which assessment he claims to be necessary in order that he may realize funds to pay existing indebtedness of the members of the association to which, it is alleged, this petitioner belonged. It is merely the ordinary application of a receiver to the court for permission to do that which he deems to be necessary to further the purposes of the receivership, and the court has, upon evidence satisfactory to it, authorized the receiver to act. The order does not require Mr. Moses to pay 27 cents, or any other sum of money. The direction to the receiver to bring suit is merely the ordinary authority given to receivers to enforce claims which they allege to exist. Mr. Moses is not cut off from nor interfered with in the interposition of any defense he may have to the claim made against him. It will be time enough for him to present, by way of defense, any objection he may have to the proceedings of the receiver, when he is brought into court in an action instituted by the receiver to enforce the extensive demand which Mr. Moses fears will be urged against him.

The order denying the petition was right, and must be affirmed, with $10 costs and disbursements. All concur.